BUTLER *v.* BUTLER.

(No. 84-DM-0522—Decided
October 22, 1984.)

Court of Common Pleas of
Clermont County.

*W. Steven Boller,* for plaintiff.
*Charles W. Creger,* for defendant.

RINGLAND, J. This matter came for hearing on defendant's motion to dismiss the complaint for divorce filed by plaintiff, Helen Butler, and dissolve the injunction. Oral argument was heard, both counsel being present. While not stated in the motion to dismiss, counsel in his oral argument indicated that the motion fell under Civ. R. 12(B). The defendant, Joseph Butler, indicated three grounds existed for dismissal of the complaint:

1. Failure of proper service under Civ. R. 4.2 inasmuch as the defendant was incompetent at the time of service.

2. That defendant being incompetent operates as a bar to the divorce decree.

1

3. That inasmuch as defendant has been adjudicated incompetent on or about August 29, 1984, that the probate court which has determined incompetency now has exclusive jurisdiction over the person and estate of defendant, under R.C. 2111.14.

The court finds that under Civ. R. 4.2 that proper service was made at the time of the filing of the divorce. At that time defendant had not been adjudicated incompetent, and as indicated by Professor Harper in his 4 Anderson's Ohio Civil Practice (1973) 188, at Section 150.09: "If a person is merely suspected to be incompetent, but if he has never been adjudicated an incompetent and has never had a guardian appointed for him and has not been committed to a mental institution or to the care of another person, then clearly he should be served as any other individual is served."

Since a Civ. R. 12(B) motion applies to the pleadings themselves, there is nothing from the pleadings (there have been no verified pleadings, affidavits, etc. to construe this motion under Civ. R. 56) to indicate that at the time of the filing of the divorce defendant had been adjudicated incompetent. In fact, all representations made to this point indicate otherwise.

The law is quite clear that while the court may not grant a divorce where the acts of parties charged were due to lack of mental capacity, a divorce may be granted against an incompetent spouse for aggressions committed while sane. Again, at this point, since this is merely a Civ. R. 12(B) motion there is nothing from the pleadings indicating otherwise. Therefore, evidence must be adduced at trial or by affidavits or verified pleadings adduced under Civ. R. 56 before a motion to dismiss is granted. See *Nelson* v. *Nelson* (1958), 108 Ohio App. 365.

Further the argument of exclusive jurisdiction over the subject matter fails. The appointment by the probate court of a guardian of an incompetent person in a state will not interfere with the jurisdiction of the court of common pleas in a pending divorce action over the assets of the marriage. *In re Guardianship of Stephens* (P.C. 1964), 30 O.O. 2d 325. Therefore, from all appearances of the pleadings, the question of lack of merit of grounds for divorce due to the incompetency of the defendant is not a part of the Civ. R. 12(B) motion and is prematurely and inappropriately raised at this juncture. The motion to dismiss at this time is hereby denied.

*Motion to dismiss denied.*