THE STATE EX REL. DOWNS, APPELLEE, *v.* PANIOTO, JUDGE, ET AL., APPELLANTS.

[Cite as *State ex rel. Downs v. Panioto,*
**107 Ohio St.3d 347, 2006-Ohio-8.**]

(No. 2005–0447—Submitted September 20, 2005—Decided January 11, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of prohibition preventing a domestic relations court from proceeding in a divorce case.

{¶ 2} In June 1959, appellee, David Downs, and Linda Downs married in Lawrenceburg, Indiana. David and Linda have one child born as issue of their

marriage, Stephanie, who is emancipated. According to findings of fact in the divorce action, in 1988, Linda contracted an infection after a routine hysterectomy. Linda became disabled and suffered from chronic pain and severe depression. She attempted suicide on several occasions.

{¶ 3} In 1991, Linda attempted suicide by carbon monoxide poisoning. Although she survived, she sustained severe brain damage and became physically and mentally incapacitated. She began living in a nursing home.

{¶ 4} On November 19, 1997, Stephanie applied to the Hamilton County Probate Court for the appointment of an emergency guardian for her mother, Linda, on the basis that Linda was incompetent. On that same day, the probate court granted Stephanie's application and appointed her Linda's emergency guardian "with the authority to make decisions for the best interests of the ward regarding medical care and treatment." The probate court noted that David had "shown lack of interest in care of" his wife and in the need for appointment of an emergency guardian. On November 21, 1997, the probate court continued Stephanie's appointment as emergency guardian for Linda until December 22, 1997.

{¶ 5} On January 7, 1998, the probate-court magistrate determined that Linda was incompetent by reason of mental impairment and was incapable of taking proper care of herself. The magistrate further concluded that a guardianship of Linda's person was necessary and that Stephanie was a proper person to be appointed guardian. The probate court did not, however, appoint a guardian for Linda at that time.

{¶ 6} On March 10, 1998, David filed a complaint for divorce in appellant Hamilton County Court of Common Pleas, Domestic Relations Division. David named Linda as the sole defendant and did not allege that she was incompetent. He requested a divorce and a permanent property division. Service of the divorce complaint on Linda was perfected on March 14.

{¶ 7} On April 17, 1998, Linda, by and through her attorney, filed an answer to David's divorce complaint and a counterclaim. Linda requested a divorce, spousal support, and a reasonable division of property. On April 22, David replied to Linda's counterclaim.

{¶ 8} On May 4, 1998, the probate court appointed Stephanie as guardian of Linda's person. On September 8, 1998, the probate court appointed Stephanie as guardian of Linda's estate.

{¶ 9} In January 2001, the domestic relations court made an equitable division of the marital property. The court noted in its decision that Linda's guardian, Stephanie, had testified in the case.

{¶ 10} In September 2003, David moved to dismiss his complaint for divorce and Linda's counterclaim for divorce because Linda "was found to be mentally incompetent on November 21, 1997," by the probate court. David's motion contained no argument in support. On September 25, 2003, appellant Judge Ronald A. Panioto of the domestic relations court denied David's motion.

{¶ 11} On July 19, 2004, David filed a notice withdrawing his divorce complaint and dismissing his action.

{¶ 12} In September 2004, Linda moved to amend her counterclaim to add a claim for legal separation, division of marital property, and permanent spousal support. She also moved to disqualify David's counsel based on ethical misconduct and conflict of interest. On September 24, 2004, Judge Panioto granted Linda's motion to disqualify David's attorney.

{¶ 13} On November 23, 2004, David filed a complaint in the Court of Appeals for Hamilton County. In his amended complaint, David requested a "Peremptory Writ of Prohibition, or, in the alternative, an Alternative Writ of Prohibition, directing Respondents Ronald A. Panioto and the Hamilton County Court of Common Pleas, Domestic Relations Division, (i) to cease and desist any and all further proceedings in the case of *David Downs v. Linda Downs,* Case No. DR–98–00652, currently pending in the Court of Common Pleas, Domestic Relations Division, Hamilton County, Ohio; (ii) to dismiss due to lack of jurisdiction the case of *David Downs v. Linda Downs,* Case No. DR–98–00652, currently pending in the Court of Common Pleas, Domestic Relations Division, Hamilton County, Ohio; (iii) to declare all orders and decisions of the Divorce Court void *ab initio*; and (iv) to grant to Petitioner such other relief to which he may be entitled, in law or in equity." David claimed that appellants, Judge Panioto and the domestic relations court, lacked jurisdiction over the divorce proceedings because Linda had been declared incompetent before the commencement of the proceedings and continued to be a declared incompetent throughout the proceedings.

{¶ 14} Appellants answered the amended complaint and moved for judgment on the pleadings or, in the alternative, for summary judgment. David filed a memorandum in opposition to appellants' motions and moved for summary judgment.

{¶ 15} On February 25, 2005, the court of appeals denied David's request for a peremptory writ of prohibition and denied the parties' motions for summary judgment. Nevertheless, the court of appeals granted what it referred to as appellants' motion for an alternative writ and ordered "the domestic relations court not to proceed on any substantive motions until it and the parties can straighten out the record in both the domestic-relations and the probate cases." 2005-Ohio-778, 2005 WL 433438, at ¶ 21.

{¶ 16} This case is now before this court upon Judge Panioto and the domestic relations court's appeal as of right as well as David's motion to dismiss the appeal.

## Motion to Dismiss

{¶ 17} David moves to dismiss this appeal for lack of a final, appealable order. Appeals as a matter of right may be taken to the Supreme Court in cases originating in courts of appeals, including actions involving extraordinary writs. Section 2(B)(2)(a)(i), Article IV, Ohio Constitution; *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 4. R.C. 2505.03 restricts the appellate jurisdiction of this court to the review of final orders, judgments, or decrees. *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 84, 661 N.E.2d 728.

{¶ 18} R.C. 2505.02 defines a final order for purposes of appeal. Under R.C. 2505.02(B)(1), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶ 19} " 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 545, 684 N.E.2d 72 ("A 'substantial right' for purposes of R.C. 2505.02 is a legal right enforced and protected by law"). The court of appeals' order, which grants a writ of prohibition preventing Judge Panioto and the domestic relations court from proceeding on any substantive matters, affects their substantial rights to proceed in cases involving domestic relations matters. R.C. 3105.011 ("The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters"); R.C. 2301.03(B)(2) ("The judges of the [Hamilton County] court of common pleas * * * elected and designated as judges of the court of common pleas, division of domestic relations * * * shall have assigned to them all divorce, dissolution of marriage, legal separation, and annulment cases coming before the court"). Therefore, the order meets the first part of the R.C. 2505.02(B)(1) definition of "final order."

{¶ 20} Regarding the remaining requirement, "[f]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260; see, also, *In re Election of Nov. 6, 1990*

*for Atty. Gen. of Ohio* (1991), 58 Ohio St.3d 604, 567 N.E.2d 984, quoting *State ex rel. Curran v. Brookes* (1943), 142 Ohio St. 107, 26 O.O. 287, 50 N.E.2d 995, paragraph two of the syllabus (defining judgment as " 'the final determination of a court of competent jurisdiction upon matters submitted to it' ").

{¶ 21} The court of appeals claimed that it was granting an alternative writ. An alternative writ does not determine the action and prevent a judgment, because further action by the court that issues the writ is contemplated. See, e.g., Webster's Third New International Dictionary (1986) 63 ("a writ in the nature of an order to show cause * * * why a peremptory or final writ should not issue"); Whiteside, Ohio Appellate Practice (2002) 215, Section 10.8 ("An alternative writ commands the person to whom it is directed either to obey the mandate of the writ or show cause why it should not be obeyed. In essence, it is a substitute for service of summons"). For example, in this court, "an alternative writ in a prohibition case stays proceedings in the action sought to be prohibited until final determination of the Supreme Court." S.Ct.Prac.R. X(6).

{¶ 22} The court of appeals' order, however, did not act as an alternative writ. Instead, the court of appeals determined the claims before it and left nothing for its further determination. In effect, it denied David's claims for a writ of prohibition to compel Judge Panioto and the domestic relations court to dismiss the underlying domestic relations case and to declare all of the orders in that case—including orders dividing David and Linda's marital property—void ab initio. The court of appeals also granted in part David's claim for a writ of prohibition preventing Judge Panioto and the domestic relations court from proceeding substantively in the domestic relations proceeding. The court of appeals acknowledged that although it asserted that it was granting an alternative writ, "[o]ne could argue that [the court is] actually granting a partial writ of prohibition * * * or a would-be judgment on the pleadings." 2005-Ohio-778, 2005 WL 433438, at ¶ 9.

{¶ 23} Although the court of appeals also suggested that the parties should "straighten out the record in both the domestic-relations and probate cases" and that "the domestic relations court and the parties" could make certain determinations, the court did not suggest any further action by it on David's prohibition claims or suggest that those claims remained pending in the court of appeals. Id. at ¶ 21. Certainly, as David argues, " '[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.' " *State ex rel. Keith v. McMonagle,* 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, ¶ 4, quoting *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241; *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 89, 541 N.E.2d 64 (plurality opinion). But in all of these cases, the further action contemplated was by the court that issued the order being appealed. Here, there

is no further action to be accomplished by the court of appeals on David's prohibition claims.

{¶ 24} Therefore, the court of appeals' judgment is a final, appealable order under R.C. 2505.02(B)(1). Consequently, we deny David's motion to dismiss, and we address the merits of this appeal.

## Prohibition

{¶ 25} The court of appeals granted a writ of prohibition preventing Judge Panioto and the domestic relations court from proceeding on any substantive motions in the underlying case. For the following reasons, the court of appeals erred in doing so.

{¶ 26} First, the court of appeals mistakenly specified that it was granting the domestic relations court's motion for an alternative writ. Neither the domestic relations court nor Judge Panioto requested a writ.

{¶ 27} Second, prohibition will not issue if the relator has an adequate remedy in the ordinary course of law. *State ex rel. Ahmed v. Costine,* 103 Ohio St.3d 166, 2004-Ohio-4756, 814 N.E.2d 865, ¶ 4. " 'In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " *State ex rel. Conkle v. Sadler,* 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, ¶ 8, quoting *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428–429, 751 N.E.2d 472.

{¶ 28} Judge Panioto and the domestic relations court have basic statutory jurisdiction over the underlying matter. See R.C. 2301.03(B)(2) and 3105.011. David's prohibition claims are premised mainly on alleged defective or improper service, which generally implicates personal jurisdiction rather than subject-matter jurisdiction. See, e.g., *Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.* (1996), 76 Ohio St.3d 374, 378, 667 N.E.2d 1189. But the issuance of a writ of prohibition based on an alleged lack of personal jurisdiction is "an extremely rare occurrence." *Clark v. Connor* (1998), 82 Ohio St.3d 309, 315, 695 N.E.2d 751. And "[i]f contested allegations of defective service of process are not premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process, prohibition does not lie." *State ex rel. Suburban Constr. Co. v. Skok* (1999), 85 Ohio St.3d 645, 646, 710 N.E.2d 710. There is no claim here of a lack of minimum contacts.

{¶ 29} Moreover, at the time that David commenced his divorce action and Linda filed her counterclaim for divorce, no guardian had been appointed for Linda. The emergency guardianship for Linda expired on December 22, 1997, and the probate court did not appoint Stephanie as the guardian of Linda's person until May 4, 1998. Therefore, under Civ.R. 4.2(C), David could have

properly served Linda. See Civ.R. 4.2 ("Service of process * * * shall be made as follows: * * * (C) Upon an incompetent person by serving either the incompetent's guardian or the person designated in division (E) of this rule, *but if no guardian has been appointed and the incompetent is not under* confinement or commitment, by serving the incompetent" [emphasis sic] ).

{¶ 30} Furthermore, David waived his challenge to Linda's capacity to sue him for divorce because he failed to raise the challenge in his reply to Linda's counterclaim. Civ.R. 9(A) ("When a party desires to raise an issue as to * * * the capacity of any party to sue or be sued * * *, he shall do so by specific negative averment * * *"); *Frate v. Al–Sol, Inc.* (1999), 131 Ohio App.3d 283, 287–288, 722 N.E.2d 185.

{¶ 31} In addition, there are circumstances in which an incompetent person can maintain an action for divorce. *Boyd v. Edwards* (1982), 4 Ohio App.3d 142, 4 OBR 234, 446 N.E.2d 1151; see, generally, 1 Sowald & Morgenstern, Ohio Domestic Relations Law (4th Ed.2002) 548, Section 11:28. And the probate court's guardianship proceeding does not divest the domestic relations court of jurisdiction in the divorce case. See *Friedman v. Friedman* (Apr. 25, 1990), Summit App. Nos. 14357 and 14358, 1990 WL 51998, *3; *Butler v. Butler* (1984), 19 Ohio Misc.2d 1, 2, 19 OBR 52, 482 N.E.2d 998.

{¶ 32} Finally, David invited any error concerning the exercise of personal jurisdiction over him and Linda in the divorce case by invoking the domestic relations court's jurisdiction and participating in that proceeding for over five years before he first raised his claims concerning the alleged defective service of process. *State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 22, quoting *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27 (" 'Under [the invited-error] doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make' ").

{¶ 33} Based on the foregoing, Judge Panioto and the domestic relations court did not patently and unambiguously lack jurisdiction to proceed in the underlying case, and David has an adequate remedy at law by appeal following judgment to raise his claims. In fact, the court of appeals seemed to recognize this reality by noting that "the record is simply not clear enough for us to be certain." At that point, the court should have denied the writ instead of erroneously granting one. Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

The Law Firm of Curt C. Hartman and Curt C. Hartman, for appellees.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Christian J. Schaefer and Mark C. Vollman, Assistant Prosecuting Attorneys, for appellants.