This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Bob McGaw dba McGaw Architects has appealed from the decision of the Cuyahoga Falls Municipal Court that found in favor of Plaintiff-Appellee RLB Engineering. This Court affirms.
 I {¶ 2} On August 19, 2003, Plaintiff-Appellee RLB Engineering filed a complaint against Defendant-Appellant Bob McGaw dba McGaw Architects in Cuyahoga Falls Municipal Court for payment on a past due account. On December 24, 2003, with leave of the trial court, Appellant filed an answer to the complaint, denying the allegations of Appellee's complaint. In February 2004, a pre-trial hearing was held and trial was set before a magistrate for June 2, 2004. The trial went forward as scheduled and on June 3, 2004, the magistrate found in favor of Appellee. The magistrate determined that Appellant owed Appellee $9,390 for work performed on six different projects.
 {¶ 3} On June 27, 2004, Appellant filed objections to the magistrate's decision. Appellant claimed that the magistrate erred in excluding evidence as hearsay, in its evidentiary findings concerning the bills and the AUTOCAD work; and in awarding pre-judgment interest from July 3, 2003. Appellee responded to Appellant's objections and an objection hearing was held on August 10, 2004. On September 1, 2004, the trial court remanded the matter back to the magistrate because "information was not reviewed by the Magistrate which could change the outcome if it would establish that Defendant already made payments on the contract or that the terms of the contract were changed." The trial court found that "[i]f the Magistrate did not have all of the evidence before him in making his determination then the decision was not based on competent evidence."
 {¶ 4} Prior to the second trial before the magistrate, Appellant filed an amended answer and a counterclaim against Appellee. Appellant alleged common law fraud and a violation of the Ohio Deceptive Trade Practices Act.
 {¶ 5} The magistrate issued its decision on October 27, 2004 and again found in favor of Appellee. The magistrate found that Appellant owed Appellee $9,290 for past services performed. The magistrate found that Appellant's amended answer and counterclaim were not properly before the trial court because they were filed without leave of court; accordingly, they were not considered by the trial court.
 {¶ 6} On November 10, 2004, Appellant filed objections to the magistrate's decision arguing that it was error for the trial court to allow a "non-existent legal entity to maintain" an action as a plaintiff. Specifically relevant to this appeal, Appellant argued that RLB Engineering is not a legal entity and the magistrate should have granted his oral motion to dismiss the complaint for failure to state a claim. Appellee responded in opposition to Appellant's objections and a hearing was held on the matter.
 {¶ 7} On February 18, 2005, the trial court ruled on Appellant's objections. During the hearing, the trial court overruled the objections relating to Appellee not being a legal entity. The trial court also overruled the Appellant's remaining objections and adopted the magistrate's decision.
 {¶ 8} Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED BY ENTERING JUDGMENT IN FAVOR OF A PLAINTIFF WHICH WAS A NON-EXISTENT LEGAL ENTITY."
 {¶ 9} In its sole assignment of error, Appellant has argued that the trial court erred in entering judgment for Appellee because it is a non-legal entity. Specifically, Appellant has argued that because Appellee was not an actual legal entity the judgment in its favor is void. We disagree.
 {¶ 10} Pursuant to Civ.R. 9, "Pleading special matters":
"(A) Capacity * * * When a party desires to raise an issue as to the legal existence of any party or the capacity of any partyto sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." (Emphasis added). Civ.R. 9(A).
The pleading burden was on Appellant to deny Appellee's legal existence or capacity to sue. Civ.R. 9(A). Citing Civ.R. 9(A), the Ohio Supreme Court recently found that failure to raise capacity to sue in a responsive pleading constitutes waiver of the issue. State ex rel. Downs v. Panioto, 107 Ohio St.3d 347,2006-Ohio-8, at ¶ 30.
 {¶ 11} Appellant's answer in the instant matter denied Appellee's allegations concerning the monies owed, but it did not challenge Appellee's legal existence or capacity to sue. In fact, the record shows that Appellant did not challenge Appellee's legal existence or capacity to sue until the second round of magistrate's hearings and objections. Due to Appellant's failure to aver in his responsive pleadings Appellee's alleged lack of legal existence, we find that he has waived the alleged error and is now precluded from raising it on appeal. See Panioto, supra. We recognize that Panioto involved alleged incapacity to sue, not lack of legal existence; however the finding in Panioto is based on Civ.R. 9(A), which addresses challenges to legal existence and capacity to sue. Accordingly, pursuant to Civ.R. 9(A), we interpret Panioto to apply to legal existence challenges and thus, we find Panioto controlling law in the instant matter.
 {¶ 12} Moreover, we fail to see how judgment entered for "RLB Enterprises" results in any prejudice or manifest injustice to Appellant. Appellant knew Rick Boyer was RLB Engineering; Appellant had dealt directly with Mr. Boyer and even referenced RLB Engineering as Mr. Boyer's "`moonlight' company." We conclude that the trial court properly granted judgment in the name of RLB Engineering.
 {¶ 13} Appellant's sole assignment of error is without merit.
 III {¶ 14} Appellant's sole assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. concurs.