[Cite as *Reed Elsevier, Inc. v. Nunn*, 2015-Ohio-3914.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| REED ELSEVIER, INC. | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   26625 |
| | : | |
| v. | : | T.C. NO. 14-CV-6370 |
| | : | |
| MARK L. NUNN dba | : | (Civil appeal from |
| LAW OFFICE OF MARK NUNN | : |    Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

# **O P I N I O N**

Rendered on the    25th    day of    September    , 2015.

. . . . . . . . . . .

MICHAEL W. SANDNER, Atty, Reg. No. 0064107, Pickrel, Schaeffer & Elbeling Co., 2700 Kettering Tower, Dayton, Ohio 45423
        Attorney for Plaintiff-Appellant

MARK L. NUNN, 913 Fifth Street, Onawa, Iowa 51040
        Defendant-Appellee, *pro se*

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Plaintiff-appellant Reed Elsevier, Inc. (hereinafter "Reed") appeals a judgment of the Montgomery County Court of Common Pleas, Civil Division, granting default judgment against defendant-appellee Mark L. Nunn, d/b/a Law Office of Mark Nunn (hereinafter "Nunn"), on its claims for breach of contract and declaratory judgment.

Reed filed a timely notice of appeal with this Court on March 20, 2015.

{¶ 2} On February 13, 2012, the parties entered into a written contract whereby Nunn was to compensate Reed at an agreed to rate for the use of its online research services operating out of Montgomery County, Ohio. Per the agreement, Reed provided its online services to Nunn. Nunn, however, failed to pay the amount owed pursuant to the contract.

{¶ 3} On November 12, 2014, Reed filed a complaint against Nunn for breach of contract and declaratory judgment. In its complaint, Reed requested damages of $9,389.87 with post-judgment interest, as well as costs and attorney fees. After receiving service of the complaint on January 9, 2015, Nunn failed to file an answer. On February 10, 2015, Reed filed a motion for default judgment against Nunn. Nunn did not file a response to Reed's motion. Subsequently, the trial court granted Reed's motion for default judgment and awarded damages in the amount of $9,389.87, but failed to award Reed a specific monetary amount of attorney fees and costs.

{¶ 4} We note that Nunn did not file an appeal of the trial court's grant of default judgment. Reed, however, filed the instant appeal of the trial court's judgment, challenging its failure to award a specific amount attorney fees and court costs.

{¶ 5} Reed's sole assignment of error is as follows:

{¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO AWARD REASONABLE ATTORNEY'S FEES, COURT COSTS, AND COLLECTION COSTS TO PLAINTIFF-APPELLANT PURSUANT TO THE CONTRACT ENTERED INTO BY THE PARTIES."

{¶ 7} In its sole assignment, Reed contends that the trial court erred when it failed

to award reasonable attorney fees and court costs when it granted default judgment against Nunn. Specifically, Reed argues that in the event Nunn failed to pay the amount due on the contract, it is liable "for all costs of collection incurred by [Reed], including *** collection agency fees, reasonable attorney's fees, and court costs." [1]

{¶ 8} Initially, we note that the trial court failed to include Civ.R. 54(B) language in its decision granting Reed's motion for default judgment. Accordingly, there is a lack of a final appealable order, and we are left without jurisdiction to render a decision on the merits in the instant case.

{¶ 9} Ohio law provides that appellate courts have jurisdiction to review the final orders of inferior courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss the appeal. *Kilroy v. Peters,* 2d Dist. Montgomery No. 24268, 2011–Ohio–3415. "In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *Whitaker– Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 280 N.E.2d 922. An order of a court is a final, appealable order only if the requirements of both R.C. 2505.02 and Civ. R. 54(B), if applicable are met. *Chef Italiano Corp.,* 44 Ohio St.3d at 88.

{¶ 10} Under R.C. 2505.02(B)(1), an order is final order if it "affects a substantial right in an action that in effect determines the action and prevents the judgment." For an order to determine the action and prevent a judgment for the party appealing, it must

---

[1]Reed filed its appellate brief on April 13, 2015. On June 8, 2015, we issued a show cause order to Nunn informing him that he had fourteen days in which to file a responsive brief. Nunn has not filed any briefing with this Court.

dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. *State ex rel. Downs v. Panioto,* 107 Ohio St.3d 347, 2006–Ohio–8, 839 N.E.2d 911, ¶ 20.

{¶ 11} Additionally, the rationale of Civ. R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice created by the delay of appeals,' as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977). Absent the mandatory language "no just reason for delay," an order that does not dispose of all claims is not final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

{¶ 12} In the instant case, Reed requested attorney fees and costs in their complaint. Although the trial court awarded reasonable attorney fees and costs in its entry granting default judgment to Reed, the entry did not contain a specific monetary amount to be awarded. Thus, such request remains unresolved. The Supreme Court of Ohio has held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.,* 116 Ohio St.3d 335, 879 N.E.2d 187, 2007-Ohio-6439, paragraph two of syllabus. The trial court's entry granting default judgment did not refer to Civ. R. 54(B) and did not cite any language from the rule. Therefore, because Reed's request for attorney fees and costs remains unresolved, and the entry did not contain the requisite statutory language, no final appealable order exists. Accordingly, this Court has no

jurisdiction to consider the instant appeal.

{¶ 13} The instant appeal is dismissed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Michael W. Sandner
Mark L. Nunn
Hon. Steven K. Dankof