[Cite as *Jaballas v. Hastings Mut. Ins. Co.*, 2021-Ohio-737.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RODRICO JABALLAS, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 28803 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-2933 |
| | : | |
| HASTINGS MUTUAL INSURANCE COMPANY | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of March, 2021.

. . . . . . . . . . .

ALEXANDER W. CLOONAN, Atty. Reg. No. 0095690, 2625 Commons Boulevard, Beavercreek, Ohio 45431
  Attorney for Plaintiffs-Appellants

RONALD A. RISPO, Atty. Reg. No. 0017494, 1301 East Ninth Street, Suite 1900, Cleveland, Ohio 44114
and
W. CHARLES CURLEY, Atty. Reg. No. 0007447, 10 West Broad Street, Suite 2400, Columbus, Ohio 43215
  Attorneys for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiffs-Appellants, Rodrico and Elvira Jaballas ("Rodrico" and "Elvira" or collectively, "Plaintiffs") appeal from a summary judgment rendered in favor of Defendant-Appellee, Hastings Mutual Insurance Company ("Hastings"). Plaintiffs contend that no final appealable order exists because a pending issue about an umbrella policy with Hastings was not addressed. In addition, Plaintiffs argue that summary judgment was improper because there were material issues of fact concerning whether they received notice of changes or cancellation of coverage under an underlying policy of automobile insurance. Finally, Plaintiffs contend that the trial court erred by failing to reform the policy of automobile insurance.

{¶ 2} We conclude that we lack jurisdiction over this appeal because one of Plaintiffs' claims remains unresolved and pending in the trial court. Although the trial court included a Civ.R. 54(B) certification in its summary judgment decision, the record does not contain adequate information to indicate whether the pending claim is intertwined or overlaps with the claim that is being appealed. As a result, the basis for the trial court's mere incantation of a Civ.R. 54(B) certification is impossible to ascertain. The summary judgment decision therefore was interlocutory, and this court lacks jurisdiction over the appeal. Accordingly, the appeal will be dismissed.

{¶ 3} As indicated, Plaintiffs have raised the issue of whether a final appealable order exists. We therefore must consider this issue before addressing the assignments of error, since jurisdiction cannot be either waived or bestowed on a court. *Care Risk Retention Group v. Martin*, 191 Ohio App.3d 797, 2010-Ohio-6091, 947 N.E.2d 1214, ¶ 97 (2d Dist.), citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997).

**{¶ 4}** "It is axiomatic that an appellate court has jurisdiction to review only final orders or judgments of the lower courts in its district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. We have no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed." *Nored v. Dayton City School Dist. Bd. of Edn.*, 2019-Ohio-1476, 129 N.E.3d 503, ¶ 3 (2d Dist.), citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

**{¶ 5}** "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus.

**{¶ 6}** In June 2019, Plaintiffs filed a complaint against Hastings alleging that they were entitled to insurance coverage concerning an auto accident that occurred on August 17, 2018. The complaint alleged that beginning in January 2015 and continuing through January 2019, Hastings had insured Plaintiffs and their motor vehicle (a 2002 Toyota Camry) under Personal Auto Policy No. APV 1653685. Complaint, p. 2, ¶ 3, and Ex. 1 attached to the Complaint.[1] The Camry was owned and titled in Elvira's name. *Id.* at p.2, ¶ 4. As noted, on August 17, 2018, Elvira was involved in a collision while operating the Camry, and it was allegedly damaged in the amount of $6,175.24. The other vehicle in the accident was driven by Yolanda Stephens and was reportedly insured by GEICO Insurance. Elvira has received notice from GEICO requesting compensation for damages caused by the accident. *Id.* at p. 2, ¶ 8-9 and p. 3, ¶ 21.

---

[1] Two copies of the complaint were filed on the same day and were assigned different docket numbers. The complaints were the same, except that the latter had exhibits attached. For purposes of convenience, our references to the Complaint refer to the one with exhibits.

**{¶ 7}** The complaint further alleged that Plaintiffs never requested amendment of their insurance policy or of coverage regarding the Camry. *Id.* at p. 3, ¶ 18. However, after the accident, Hastings refused to pay for the damages caused to the Camry. *Id.* at p. 3, ¶ 20.

**{¶ 8}** In the complaint, Plaintiffs further alleged that "[a]t all relevant times * * * Plaintiffs were also insured by Defendant pursuant to an umbrella policy, Policy number ULP 9946751. Plaintiffs are not in possession of a copy of that policy." *Id.* at p. 3, ¶ 19.

**{¶ 9}** On July 17, 2019, Hastings filed an answer to the complaint and a counterclaim for declaratory judgment. According to these documents, Policy No. APV 1653685 was amended in December 2017, at Rodrico's request. At that time, Rodrico asked to delete all coverage other than comprehensive coverage for the Camry, and an amended declarations page was sent to Rodrico and Elvira in December 2017, showing that all coverage for the Camry other than comprehensive coverage had been deleted. A premium refund check of $216 was also sent at that time and was negotiated. Answer and Counterclaim, p. 3, ¶ 1, and p. 4, ¶ 3-5. Hastings further alleged that the same declarations page, showing the reduced coverage, was sent to Plaintiffs on June 8, 2018. *Id.* at p. 4, ¶ 5.

**{¶ 10}** In responding to the counterclaim, Plaintiffs asserted as an affirmative defense that they had a personal liability policy with Hastings covering their liability, and that Hastings had somehow been unable to discover the policy. Answer to Defendant's Counterclaim for Declaratory Judgment (Affirmative Defense), p. 2, ¶ 3. The affirmative defenses to the counterclaim further stated that "Plaintiffs assert that Defendant [sic] Counter Claim must be dismissed as the relief Defendant asserts is also covered by a

second liability policy issued by Defendant." *Id.* at p. 2, ¶ 9.

{¶ 11} On September 30, 2019, the court set deadlines, including a summary judgment deadline of February 18, 2020, and a trial date of May 28, 2020. After taking Plaintiffs' depositions, Hastings filed a motion for summary judgment on February 6, 2020, with respect to Policy No. APV 1653685. Following Plaintiffs' response and Hastings' reply memorandum, the trial court rendered summary judgment in Hastings' favor on April 21, 2020.

{¶ 12} In granting summary judgment, the court first noted that Plaintiffs had failed to assert a claim against their insurance agent for negligent failure to procure insurance and instead had elected to sue only their insurance carrier. *Id.* at p. 8-9. The court then found the insurance policy unambiguously provided coverage on the Camry only for " 'other than collision.' " *Id.* at p. 9. The court therefore held that Hastings was not obligated to reimburse Plaintiffs for the damage to the Camry or to indemnify or defend them for any third-party claims that resulted from the accident. *Id.*

{¶ 13} Neither the summary judgment motion nor the court's decision mentioned any claim concerning the umbrella policy, and the claim is unresolved and pending at the trial level. In this regard, Civ.R. 54(B) states that

> When more than one claim for relief is presented in an action whether
> as a claim, counterclaim, cross-claim, or third-party claim, and whether
> arising out of the same or separate transactions, or when multiple parties
> are involved, the court may enter final judgment as to one or more but fewer
> than all of the claims or parties only upon an express determination that
> there is no just reason for delay. In the absence of a determination that

there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 14} The purposes of Civ.R. 54(B) are " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977), quoting *Alexander v. Buckeye Pipe Line*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).   (Other citation omitted.)

{¶ 15} "Absent the mandatory language 'no just reason for delay,' an order that does not dispose of all claims is not final and appealable."  *Reed Elsevier, Inc. v. Nunn*, 2d Dist. Montgomery No. 26625, 2015-Ohio-3914, ¶ 11, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).   Consequently, "where a summary judgment order meets the requirements of R.C. 2505.02 but does not satisfy Civ.R. 54(B), the order is a non-appealable interlocutory order which does 'not terminate the action as to any of the claims or the parties' "  *Jackson v. Allstate Ins. Co.*, 2d Dist. Montgomery No. 20443, 2004-Ohio-5775, ¶ 18, quoting Civ.R. 54(B).

{¶ 16} In responding to Plaintiffs' argument about the lack of a final appealable order, Hastings contends that in opposing summary judgment, Plaintiffs only argued coverage under the auto policy and did not mention the umbrella policy.   Appellees' Brief,

p. 7. In reply, Plaintiffs assert that the umbrella policy was clearly raised in the complaint and in an affirmative defense to Hastings' counterclaim. Appellants' Brief, p. 2-3. They further note that they did not mention the umbrella policy because Hastings never raised it in the motion for summary judgment, and they therefore had no obligation to respond. *Id.* at p. 3.

{¶ 17} Neither side mentions that the trial court's decision includes a Civ.R. 54(B) certification. *See* Judgment at p. 10. However, this does not end the analysis, because the Supreme Court of Ohio has stressed that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble* at 96. Instead, the order "must always fit into at least one of the three categories of final order set forth in R.C. 2505.02." *Id.*, citing *Gen. Elec. Supply Co. v. Warden Elec., Inc.*, 38 Ohio St.3d 378, 528 N.E.2d 195 (1988), syllabus.[2]

{¶ 18} The category that fits here is R.C. 2505.02(B)(1), which provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 19} In *Chef Italiano Corp.*, 44 Ohio St.3d 86, 541 N.E.2d 64, the Supreme Court of Ohio said that:

[I]n a case which does not involve multiple parties or multiple claims, all the

---

[2] When *Noble* was decided, there were only three categories of final orders in R.C. 2505.02. Now, there are seven. *See* R.C. 2505.02(B)(1)-(7).

conditions (substantial right, determine the action, prevent a judgment) of R.C. 2505.02 must be met before the order becomes final and appealable. This is also true in a case which does not involve multiple parties but which does involve a number of claims or counts pled by the parties, and such claims or counts are so inextricably intertwined as to make the eventual relief sought the same even though the claims are pled separately. To such cases, Civ.R. 54(B) has no application.

*Id.* at 90, fn. 5.

**{¶ 20}** Furthermore, "notwithstanding a deferential standard to be used when considering the finality of an order containing Civ.R. 54(B) language, 'courts of appeals have rejected trial courts' invocation of Rule 54(B), particularly when there is much overlap between the claims adjudicated and the claims that remain pending and where the court of appeals believes that the fractured appellate process is not in the interest of 'sound judicial administration.' " *Ratcliff v. Seitz*, 2d Dist. Miami No. 2014-CA-9, 2014-Ohio-4412, ¶ 29, quoting *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. Portage No. 2010-P-0081, 2011-Ohio-3122, ¶ 8. (Other citation omitted.) Thus, "[a] trial court may abuse its discretion in certifying a Civ.R. 54(B) claim for appeal when the facts are intertwined with an unresolved counterclaim." *Id.*, citing *Harness v. D. Jamison & Assocs.* 1st Dist. Hamilton No. C960735, 1997 WL 346053 (June 25, 1997).

**{¶ 21}** In *Seitz*, we concluded that the unresolved counterclaims did not overlap and were not intertwined with the claim on which summary judgment had been rendered. As a result, we concluded that the trial court's invocation of the Civ.R. 54(B) certification was appropriate, and we could consider the appeal of that claim. *Id.* at ¶ 30.

{¶ 22} In the case before us, the trial court inserted a one-line recitation concerning Civ.R. 54(B) that was a mere incantation. Judgment at p. 10. The record contains little information about the content of the unresolved claim on the umbrella policy, other than that it was asserted, and that Hastings' counsel indicated during Rodrico's deposition that he was aware that Plaintiffs had three policies of insurance other than the Personal Auto Policy. Rodrico Jaballas Deposition at p. 23.

{¶ 23} Furthermore, in its answer, Hastings admitted the allegations in paragraph 22 of the complaint. Answer at p. 3, ¶ 22. This paragraph of the complaint stated that:

> Defendant has a duty to defend Plaintiffs with respect to any claims against Plaintiffs arising from the collision set forth above by defending all claims by GEICO Insurance, Yolanda Stephens or Eric Stephens.

Complaint at p. 3, ¶ 22.

{¶ 24} We have no idea if this was a scrivener's error or an actual admission. In either event, we cannot ascertain on the basis of the record whether the umbrella policy claim was intertwined or overlapped with the claim on Personal Auto Policy No. APV 1653685. And because we cannot ascertain this, it is impossible to find that the trial court had a basis for inserting a Civ.R. 54(B) certification in the summary judgment order.

{¶ 25} Accordingly, we agree that no final appealable order exists. Based on the preceding discussion, the trial court's decision was a non-appealable interlocutory order, the action below has not been terminated, and we lack jurisdiction over the appeal. The appeal therefore is dismissed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Alexander W. Cloonan
Ronald A. Rispo
W. Charles Curley
Hon. Mary Katherine Huffman