[Cite as *Scott v. Scott*, 2021-Ohio-1116.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| EVERETT T. SCOTT | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28871 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-2716 |
| | : | |
| MANDY R. SCOTT | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of April, 2021.

. . . . . . . . . . .

MICHAEL T. COLUMBUS, Atty. Reg. No. 0076799, 130 West Second Street, Suite 2103, Dayton, Ohio 45402
 Attorney for Plaintiff-Appellant

JOSE M. LOPEZ, Atty. Reg. No. 0019580 and KEVIN M. DARNELL, Atty. Reg. No. 0095952, 18 East Water Street, Troy, Ohio 45373
 Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Plaintiff-Appellant, Everett Scott ("Everett"), appeals from a judgment granting a motion to enforce a settlement agreement and transferring his interest in real property to his daughter, Defendant-Appellee Mandy Scott ("Mandy"). According to Everett, the trial court erred in enforcing the agreement because the parties did not mutually assent to the material terms. Everett further argues that Mandy fraudulently induced him to enter into the agreement. In addition, Everett maintains that the trial court erred in finding that he breached the agreement and that Mandy performed all settlement obligations. Finally, Everett contends that Mandy failed to prove reasonable attorney fees.

**{¶ 2}** After reviewing the record, we conclude that the trial court's decision was not a final appealable order, because the court did not order a formal dismissal. Furthermore, multiple parties remain in the case, and no Civ.R. 54(B) certification was included in the court's decision. Accordingly, this appeal will be dismissed for lack of a final appealable order.

## I. Facts and Course of Proceedings

**{¶ 3}** This case involves a dispute between a father and daughter concerning real property in which they each had an undivided one-half interest. On June 15, 2018, Everett filed a complaint in partition, asking the court to partition property located at 7158 Maynard Avenue in Clayton, Ohio. Everett included the following defendants: his daughter, Mandy; Caliber Home Loans, Inc. ("Caliber"); the Montgomery County Treasurer ("Treasurer"); and Federal Home Loan Bank of Cincinnati ("Federal"). Everett's complaint also asserted a claim for conversion, alleging that Mandy had retained

and/or sold personal property that belonged to him.

{¶ 4} On June 25, 2018, the Treasurer filed an answer, asking that the court protect its lien priority for real estate taxes and assessments. Subsequently, Caliber filed an answer and objections, asserting that it had a mortgage lien on the property and stating that it had no objection to Plaintiff's sale of the property, if the proceeds were sufficient to satisfy Caliber's lien, which at that time was at least $81,800.79.

{¶ 5} Federal was successfully served on June 25, 2018, but did not file an answer to the complaint. On July 26, 2018, Mandy filed a pro se answer, stating that she would like to retain the property and that she had paid the mortgage on her own since March 2017. Mandy later retained counsel, who filed a notice of appearance on October 16, 2018, and represented her thereafter during the proceedings.

{¶ 6} After holding a pretrial conference, the court filed a final pretrial order setting various dates, including a summary judgment deadline of November 6, 2018, a discovery deadline of January 7, 2019, and a trial date of February 4, 2019. Caliber then filed a partial motion for summary judgment on October 30, 2018, asking the court to confirm that it had an enforceable first priority lien on the property. Because no parties opposed the motion, the court granted Caliber partial summary judgment on December 13, 2018, stating that:

> The Court finds that Caliber has an enforceable first-priority lien on the Property. The amount of Caliber's lien, through October 31, 2018, was $79,960.30, with additional amounts accruing thereafter. Caliber is entitled to have the full amount of its lien interest paid in full as part of any disposition of the Property which may occur as a result of this case. This order does

not resolve the underlying merits of the allegations of the Complaint, which remain pending.

Order Granting Partial Summary Judgment to Caliber, p. 1.

{¶ 7} The February 2019 trial date was continued, and the court then filed another pretrial order, setting a bench trial for July 15, 2019. On June 11, 2019, Mandy asked the court to refer the matter to mediation. However, before that motion could be decided, the court continued the July 2019 trial due to a conflict. The court then set a new trial date for October 3, 2019, and referred the case to mediation. On August 19, 2019, the trial court filed the following order:

A mediation in the above captioned case was held on August 16, 2019. The parties entered into a settlement agreement negotiated during the mediation conference. As a result, the case is conditionally dismissed, without prejudice, until such time as a final dismissal entry with prejudice is filed. Costs to be paid as agreed to by the parties.

The parties are hereby ORDERED to file their final dismissal entry within thirty (30) days of this Order. IT IS FURTHER ORDERED that the Court hereby retains jurisdiction to enforce the settlement.

Order of Dismissal (Case Reported Settled), p. 1.

{¶ 8} Although all parties were notified of the mediation, only Everett and Mandy (and their attorneys) signed the settlement agreement. The agreement stated, in pertinent part, that:

This case is conditionally settled. Defendant shall pay to Plaintiff the sum of $12,500.00 for his interest in the real estate at 7158 Maynard

Avenue Dayton 41415. Plaintiff shall file a quit claim deed transferring his interest in the real estate to Defendant. Defendant shall refinance the existing mortgage with a target date of 90 days from the execution of the settlement entry in this case. Plaintiff shall retrieve his personal property with the accompanyment [sic] of appropriate law enforcement personnel within 30 days as agreed by the parties through their attorneys. The personal property consists of (1) pocket knife set; (2) baseball card collection; (3) Bowflex; (4) MacBook Pro laptop; (5) marine picture with coin and ribbon; 6) wife's jewelry; (7) tools in shed. Defendant shall provide to Plaintiff within 7 days a statement as to the disposition of his bedroom suite; coin collection; and silver. Failure to pick up the items referenced above timely shall constitute abandonment of these items.

Defendant's Ex. A, p. 1-2.

{¶ 9} As indicated, only Everett and Mandy and their counsel signed this agreement. Although the case had been reported settled, Mandy filed a motion on October 30, 2019, asking the court to enforce the settlement agreement and to award her attorney fees. According to the motion, the paperwork for transfer of the real estate had been prepared, and the money had been deposited in the trust account of Everett's counsel. However, Everett had refused to sign the paperwork. *See* Motion to Enforce Settlement.

{¶ 10} In response to the motion, Everett alleged that Mandy had breached the agreement by failing to provide her statement within the agreed-upon time and by failing to return all the property. Everett further alleged that Mandy had committed "fraud in the

inducement" by agreeing to return his collections when she knew they were incomplete. *See* Response to Motion to Enforce (Nov. 13, 2019).

{¶ 11} On December 10, 2019, the trial court held a hearing at which both Everett and Mandy testified. The court then filed a decision on December 16, 2019, sustaining the motion to enforce the settlement and awarding Mandy $750 in attorney fees. The court held that Mandy had performed her obligations under the settlement agreement, but Everett had not. The court therefore ordered Everett to provide Mandy with a quit-claim deed within 10 days of the court's decision, and further stated that if Everett failed to do so, the court would prepare an order transferring the real estate. Decision, Order, and Entry Sustaining Defendant's Motion To Enforce Settlement And Motion For Attorney Fees, p. 3-4.

{¶ 12} After obtaining new counsel, Everett filed a notice of appeal on December 26, 2019. He also asked the trial court to stay its decision, but the court refused. This appeal was docketed as Montgomery App. No. 28658.

{¶ 13} On March 4, 2019, Mandy filed a motion to dismiss the appeal for lack of a final appealable order. The basis was that the trial court's decision contemplated further action (which, in fact, had been taken because Everett failed to sign the quit-claim deed as ordered). After Everett responded, we granted the motion to dismiss. We agreed that the order was not appealable because the trial court only contemplated filing a dismissal order after the parties had completed their court-ordered obligations or notified the court of compliance. In addition, the trial court did not order dismissal of the case. As a result, we dismissed the appeal. *See Scott*, 2d Dist. Montgomery No. 28658 (Decision and Final Judgment Entry, p. 4-5, May 27, 2020).

{¶ 14} On January 30, 2020 (or several months before we dismissed the appeal), the trial court filed an entry transferring the real property to Mandy. Everett appealed from that decision as well, on August 17, 2020. This appeal was designated as Montgomery App. No. 28871 (the current appeal).

{¶ 15} Mandy filed a motion to dismiss the appeal, contending that Everett's notice of appeal was untimely because it was filed more than 30 days after the trial court's January 30, 2020 decision. We denied the motion, however. *See Scott v. Scott*, 2d Dist. Montgomery No. 28871 (Decision & Entry, Oct. 21, 2020). We reasoned that "the January 30 Entry does not contain an order to the clerk to serve. The docket does not reflect any notation of service by the clerk. Without such a notation on the docket, the time for appeal never began to run." *Id.* at p. 3, citing *In re Anderson*, 92 Ohio St.3d 63, 748 N.E.2d 67 (2001). As a result, we directed that the appeal should proceed. *Id.* at p. 4. Briefs were then filed, and the matter has been submitted for our resolution.

{¶ 16} Everett raises four assignments of error on appeal. However, we must first address a jurisdictional issue.

## II. Jurisdiction

{¶ 17} We note that neither side has raised the issue of whether a final appealable order exists. However, we must consider this issue before addressing the assignments of error, since jurisdiction cannot be either waived or bestowed on a court. *Care Risk Retention Group v. Martin*, 191 Ohio App.3d 797, 2010-Ohio-6091, 947 N.E.2d 1214, ¶ 97 (2d Dist.), citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997). We are permitted to raise this issue on our own motion. *Id.*

{¶ 18} "It is axiomatic that an appellate court has jurisdiction to review only final orders or judgments of the lower courts in its district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. We have no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed." *Nored v. Dayton City School Dist. Bd. of Edn.*, 2019-Ohio-1476, 129 N.E.3d 503, ¶ 3 (2d Dist.), citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶ 19} "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. As pertinent here, R.C. 2505.02(B) states that:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment.

{¶ 20} A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 21} Everett's substantial right was affected because his interest in the property was transferred. Nonetheless, as before, the court did not file a dismissal entry as required. Notably, our prior dismissal was not based just on the fact that the court order contemplated further action; we also stressed that "[f]urther, *the formal dismissal entry ordered by the trial court had not yet been filed.*" (Emphasis added.) *Scott*, 2d Dist. Montgomery No. 28658, (Decision and Final Judgment Entry, p. 4, May 27, 2020). As a

result, this case is in essentially the same procedural posture as it was when we previously dismissed the appeal. The trial court's January 30, 2020 decision only ordered the transfer of the property and said nothing about dismissal of the case. *See* Decision Sustaining Motion to Enforce Settlement Agreement, p. 1-2 (Dec. 16, 2019).

{¶ 22} As an additional matter, the trial court did not include a Civ.R. 54(B) certification in any of its entries. In this regard, Civ.R. 54(B) states that:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, *or when multiple parties are involved*, the court may enter final judgment as to one or more but fewer than all of the claims *or parties* only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.)

{¶ 23} The purposes of Civ.R. 54(B) are " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Pokorny v. Tilby Dev. Co.*,

52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977), quoting *Alexander v. Buckeye Pipe Line*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).   (Other citation omitted.)

{¶ 24} "Absent the mandatory language 'no just reason for delay,' an order that does not dispose of all claims is not final and appealable."   *Reed Elsevier, Inc. v. Nunn*, 2d Dist. Montgomery No. 26625, 2015-Ohio-3914, ¶ 11, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).   Consequently, "where a[n] * * * order meets the requirements of R.C. 2505.02 but does not satisfy Civ.R. 54(B), the order is a non-appealable interlocutory order which does 'not terminate the action as to any of the claims or *the parties.*' "   (Emphasis added.)   *Jackson v. Allstate Ins. Co.*, 2d Dist. Montgomery No. 20443, 2004-Ohio-5775, ¶ 18, quoting Civ.R. 54(B).

{¶ 25} Here, multiple parties were involved.   In addition to suing Mandy, Everett also sued the Treasurer, Caliber, and Federal.   As noted, Federal was served but never filed an answer.   Both the Treasurer and Caliber filed answers asserting their lien priority, and Caliber only filed a partial motion for summary judgment.   While the main claims between Everett and Mandy appear to have been resolved, the defendants other than Mandy have not been dismissed from the action, and there is no final appealable order with respect to those parties.   Furthermore, from what appears in the record, these parties did not participate in the mediation, nor did they sign the mediation agreement. Finally, the issues of the effect of the partial grant of summary judgment and Caliber's rights in connection with the property that was transferred also remain unclear.

{¶ 26} Accordingly, for the reasons discussed, there is no final appealable order and this case must be dismissed.

## III. Conclusion

**{¶ 27}** Based on the preceding discussion, this case is dismissed for lack of a final appealable order.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.


Copies sent to:

Michael T. Columbus
Jose M. Lopez
Kevin M. Darnell
David Dirisamer
Federal Home Loan Bank of Cincinnati
Michele Phipps
Hon. Susan D. Solle