**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lundeen v. Turner*, **Slip Opinion No. 2022-Ohio-1709.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1709

LUNDEEN, APPELLANT, *v*. TURNER, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lundeen v. Turner*, Slip Opinion No. 2022-Ohio-1709.]**

*Subject-matter jurisdiction—Appellant cannot establish a meritorious claim or defense under Civ.R. 60(B)(5), because this court previously rejected her challenge to trial court's subject-matter jurisdiction and determined that she had waived her argument that trial court lacked personal jurisdiction over her for lack of service—Court of appeals' judgment denying motion for relief from judgment affirmed.*

(No. 2021-1032—Submitted March 8, 2022—Decided May 25, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 109240.

_____

**Per Curiam.**

{¶ 1} This is the second direct appeal brought by appellant, Cynthia Lundeen, in a prohibition case originating in the Eighth District Court of Appeals. In her first appeal, Lundeen challenged the court of appeals' dismissal of her complaint.  This court affirmed that dismissal in *Lundeen v. Turner*, 164 Ohio St.3d

159, 2021-Ohio-1533, 172 N.E.3d 150 ("*Lundeen I*"). In this second appeal, Lundeen challenges the court of appeals' denial of her motion for relief from the same judgment that she appealed in *Lundeen I*. We affirm.

## I. BACKGROUND

{¶ 2} This appeal is the latest in a series of attempts by Lundeen to challenge a foreclosure judgment. Because our decision in *Lundeen I* extensively discusses that litigation history, we cover it here only briefly.

### A. *The foreclosure action and appeal*

{¶ 3} In 2016, Wells Fargo, N.A., filed a foreclosure action against Lundeen. *Wells Fargo Bank, N.A. v. Lundeen*, Cuyahoga C.P. No. C-16-856890 (Apr. 13, 2018). The common pleas court entered a final judgment of foreclosure against Lundeen. Lundeen then appealed, arguing in part that the trial court lacked jurisdiction over her because she had not been properly served. The court of appeals determined that Lundeen had waived this defense. *Wells Fargo Bank, N.A. v. Lundeen*, 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28. This court did not accept the ensuing discretionary appeal. 160 Ohio St.3d 1420, 2020-Ohio-4811, 154 N.E.3d 105.

### B. *Lundeen's first prohibition action*

{¶ 4} In 2018, Lundeen filed a prohibition action in the court of appeals, seeking to prevent the foreclosure sale. The court of appeals dismissed Lundeen's complaint, reasoning that the trial court had subject-matter jurisdiction over the foreclosure action and that Lundeen had an adequate legal remedy by way of appeal. *State ex rel. Lundeen v. Burnside*, 8th Dist. Cuyahoga No. 107657, 2018-Ohio-4122.

### C. *Lundeen's second prohibition action*

{¶ 5} In 2019, Lundeen filed a second prohibition action in the court of appeals, again seeking to prevent the foreclosure sale. The court of appeals dismissed Lundeen's complaint and denied her motion for reconsideration. Among

other things, the court of appeals reasoned that her appeal in the foreclosure action constituted an adequate legal remedy.

{¶ 6} In March 2020, Lundeen filed both a motion for relief from judgment in the court of appeals and a notice of appeal in this court.

{¶ 7} In May 2021, we denied relief in Lundeen's direct appeal, *see Lundeen I*, 164 Ohio St.3d 159, 2021-Ohio-1533, 172 N.E.3d 150, reasoning that she had an adequate legal remedy to challenge the trial court's exercise of jurisdiction over the foreclosure action. In doing so, we rejected Lundeen's argument that the trial court lacked personal jurisdiction over her due to an alleged insufficiency of service, reasoning that she had "voluntarily submitted to the jurisdiction of the common pleas court in the foreclosure action by filing a Civ.R. 12(B) motion to dismiss without asserting insufficiency of service or lack of personal jurisdiction as a defense." *Id.* at ¶ 20. We also concluded that Lundeen's reliance on Civ.R. 3(A), which provides that a "civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing," did not present a question concerning the trial court's subject-matter jurisdiction. *Id.* at ¶ 23-24.

{¶ 8} And in July 2021, the court of appeals denied Lundeen's March 2020 motion for relief from judgment. The court of appeals determined that Lundeen's motion lacked merit because she was challenging personal jurisdiction rather than subject-matter jurisdiction, had an adequate legal remedy, and had waived the defense of lack of service. The court of appeals also cited our decision in *Lundeen I*.

{¶ 9} Lundeen's appeal from the court of appeals' denial of her motion for relief from judgment is now before us.

## II. ANALYSIS

{¶ 10} Lundeen's six propositions of law reduce to two essential points. First, she argues that the trial court lacked subject-matter jurisdiction over the

foreclosure action because Wells Fargo did not commence it within Civ.R. 3(A)'s one-year limitations period. Second, she argues that because the trial court lacked subject-matter jurisdiction, it necessarily lacked personal jurisdiction over her.

### A. Civ.R. 60(B)(5)

**{¶ 11}** This court reviews a decision denying a Civ.R. 60(B) motion for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). Lundeen brought her motion under Civ.R. 60(B)(5), which provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * any other reason justifying relief from the judgment." To prevail on her motion, Lundeen was required to establish (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

**{¶ 12}** Appellees, Judge Deborah M. Turner and Sheriff Christopher Paul Viland (collectively, "the county"), contend that Lundeen cannot establish a meritorious claim or defense, arguing that because this court already rejected Lundeen's arguments in *Lundeen I*, her motion fails under the law-of-the-case doctrine.

**{¶ 13}** Described as a "rule of practice rather than a binding rule of substantive law," the "law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, 133 N.E.3d 470, ¶ 22; *see also State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 394, 678 N.E.2d 549 (1997) (recognizing that the doctrine applies to extraordinary-writ actions). "The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as

designed by the Ohio Constitution." *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15. Absent extraordinary circumstances, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. This is so because the "Ohio Constitution 'does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals,' " *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 32, quoting *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979).

**{¶ 14}** Lundeen cannot establish a meritorious claim or defense under Civ.R. 60(B)(5), because, as the county correctly notes, this court previously found no merit in Lundeen's argument concerning the trial court's alleged lack of subject-matter jurisdiction under Civ.R. 3(A) and determined that Lundeen had waived her argument that the trial court lacked personal jurisdiction over her for lack of service. *Lundeen I*, 164 Ohio St.3d 159, 2021-Ohio-1533, 172 N.E.3d 150, at ¶ 16-24. This court's resolution of these questions remains the law of the case.

**{¶ 15}** It is true, as Lundeen says, that the law-of-the-case doctrine should not be applied when doing so would cause unjust results. But there is nothing obviously unjust about limiting her to one bite at the apple in these circumstances. Moreover, unlike in *Farmers State Bank*, 157 Ohio St.3d 151, 2019-Ohio-2518, 133 N.E.3d 470, at ¶ 21-24, this court is not being asked to bind itself to a lower court's decision but, rather, to one of our own earlier decisions.

**{¶ 16}** In summary, the court of appeals did not abuse its discretion in denying Lundeen's Civ.R. 60(B)(5) motion.

### B. *Inherent power of a court to vacate a void judgment*

**{¶ 17}** As an alternative to her reliance on Civ.R. 60(B)(5), Lundeen asked the court of appeals to grant her motion for relief from judgment based on its inherent power to vacate a void judgment. "The authority to vacate a void judgment

is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus. "The traditional rule long followed in Ohio is that a void judgment is one entered by a court lacking subject-matter jurisdiction over the case or personal jurisdiction over the parties." *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, ¶ 11 (collecting cases).

{¶ 18} The court of appeals did not render a void judgment. The Ohio Constitution vests Ohio's courts of appeals with subject-matter jurisdiction over prohibition actions such as Lundeen's. *See* Ohio Constitution, Article IV, Section 3(B)(1)(d). And Lundeen conferred personal jurisdiction on the court of appeals to enter judgment against her when she filed her complaint seeking relief in prohibition. *See Moore v. Mt. Carmel Health Sys.*, 162 Ohio St.3d 106, 2020-Ohio-4113, 164 N.E.3d 376, ¶ 34.

{¶ 19} Lundeen's contrary view is that because the trial court's foreclosure judgment is void, the court of appeals' judgment affirming that judgment is void, too. And because the court of appeals' judgment affirming the foreclosure judgment is void, the argument runs, the court of appeals' dismissal of her prohibition complaint is also void because it drew in part from the earlier panel decision affirming the foreclosure judgment. In support, her motion invoked the following sentence in *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 367, 721 N.E.2d 40 (2000), quoting *Dews v. Floyd*, 413 S.W.2d 800, 804 (Tex.Civ.App.1967): "As one Texas appellate court so aptly stated concerning a void judgment, 'it is good nowhere and bad everywhere.' " But this isolated sentence does not answer the key question here, namely—whether the court of appeals in this case entered a void judgment. It did not.

### III. CONCLUSION

{¶ 20} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Cynthia Lundeen, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael J. Stewart, Assistant Prosecuting Attorney, for appellees.

————————————