[Cite as *Gifford v. Gifford*, 2024-Ohio-1844.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

SARA M. GIFFORD

    Appellee

v.

JAY L. GIFFORD

    Appellant

C.A. No.    22CA011901

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17DU083122

DECISION AND JOURNAL ENTRY

Dated: May 13, 2024

CARR, Presiding Judge.

{¶1} Defendant-Appellant Jay Gifford ("Father") appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2} Father and Plaintiff-Appellee Sara Gifford ("Mother") were divorced in February 2019, via a separation agreement and an agreed-upon shared parenting plan concerning their two children, J.G. and A.G. The shared parenting plan included a provision providing in relevant part:

> If issues concerning this Shared Parenting Agreement arise between the parents that cannot be resolved by direct communication between them, the parties may utilize the services of a mediator or employ a parenting coordinator before filing a motion with the Court. Within thirty days of execution of this agreement, the parties shall contract with John Ready as Parent Coordinator with whom they shall work toward problem solving post-decree. The parties shall divide the cost of the parenting coordinator with Mother paying 50% and Father paying 50% of all fees.

{¶3} Several months later, on August 13, 2019, an agreed judgment entry was filed, signed by the trial judge, the attorneys, Appellee Mr. Ready, and the parties. It details the role of

the parenting coordinator, Mr. Ready, and the terms and conditions connected to his appointment. The entry, inter alia, discusses the amount of his fees, how the parties would be billed for those fees, that Mr. Ready could engage the trial court for assistance in collecting fees, and the term of the appointment. It also states that the parties "stipulate and agree" that Mr. Ready's services are "in the nature of child support" and not dischargeable in bankruptcy. The entry grants Mr. Ready the "status of a Guardian Ad Litem[.]"

{¶4} Thereafter, the parties engaged in extensive litigation. Mr. Ready issued several decisions and filed multiple motions seeking payment of fees. As Father is only appealing one of the trial court's judgment entries, we will not extensively discuss all of the filings.

{¶5} On December 10, 2021, a new parenting coordinator was appointed. That same day, Mr. Ready filed a motion seeking payment of parenting coordinator fees from Father for the time period May 19, 2021 to December 10, 2021 in the amount of $5,280.25. The filing included an affidavit and an itemized statement. The motion also indicated that a hearing would be held before the magistrate on January 14, 2021, even though that date had already passed. On December 15, 2021, Father filed a motion requesting a hearing on the December 10, 2021 motion for fees noting that he had confirmed with the court assignment commissioner that the matter had not been scheduled for a hearing. The matter was then scheduled for a hearing on January 24, 2022. From the record it does not appear a hearing was held on that date; instead, it appears a settlement conference was held.

{¶6} On September 1, 2022, the trial court issued a judgment entry finding that fees itemized by Mr. Ready were reasonable, necessary, and in compliance with the local rules. It found that Father owed $6,004.05 in unpaid parenting coordinator fees incurred from May 19,

2021, through January 21, 2022, and that interest was accruing on the fees as agreed. The trial court then awarded Mr. Ready "the amount of $2,653.10 or $6,645.21 including interest * * *."

{¶7} Father has appealed this entry raising five assignments of error for our review. Some assignments of error will be addressed together to facilitate our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT DID NOT HAVE JURISDICTION TO APPOINT A PARENTING COORDINATOR AND TO CONSIDER MOTIONS FOR FEES MADE BY THE PARENTING COORDINATOR WHEN NO PARTY FILED A POST-DECREE MOTION PURSUANT TO [CIV.R] 75(J).

{¶8} Father contends in his first assignment of error that the trial court lacked jurisdiction to appoint a parenting coordinator as the continuing jurisdiction of the trial court had not been invoked in compliance with Civ.R. 75(J). As Father did not appeal the August 13, 2019 agreed judgment entry concerning the parenting coordinator, Father can only be successful if the entry is void, as opposed to voidable.

{¶9} "[A] judgment is generally void only when the court rendering the judgment lacks subject-matter jurisdiction or jurisdiction over the parties * * *." *Miller v. Nelson-Miller*, 132 Ohio St.3d 381, 2012-Ohio-2845, ¶ 12; *Lundeen v. Turner*, 167 Ohio St.3d 482, 2022-Ohio-1709, ¶ 17; *State v. Schilling*, 172 Ohio St.3d 479, 2023-Ohio-3027, ¶ 22.

{¶10} With respect to subject matter jurisdiction, "the focus is on whether the forum itself is competent to hear the controversy." (Internal quotations and citations omitted.) *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, ¶ 21. "R.C. 3105.011(A) provides that '[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters.'" *Ostanek* at ¶ 27. It is clear that use of a parenting coordinator in this case concerns a domestic relations matter as it

relates to issues surrounding parental rights and responsibilities contained in Chapter 3109 of the Ohio Revised Code. *See* R.C. 3105.011(B); Sup.R. 16.62. Further, Father has not demonstrated that the legislature has removed this issue from the jurisdiction of the courts of common pleas. *See Ostanek* at ¶ 29. In fact, Civ.R. 75(J) supports the notion that the trial court possesses continuing jurisdiction and specifies how a party can invoke it. *See* Civ.R. 75(J); *see also Fradette v. Gold*, 8th Dist. Cuyahoga No. 107003, 2018-Ohio-2744, ¶ 9-10.

{¶11} Additionally, Father has not shown that the trial court lacked personal jurisdiction over Father. At the time the trial court filed the agreed judgment entry, multiple motions were pending, including one filed by Father. Father had a pending motion seeking to hold Mother in contempt for failure to comply with the divorce decree. He therefore invoked the continuing jurisdiction of the trial court by filing that motion. *See Christian v. Johnson*, 9th Dist. Summit No. 24327, 2009-Ohio-3863, ¶ 15. Additionally, Father has not demonstrated that he did anything other than voluntarily participate in the post-decree litigation at issue. *See Regueiro v. Regueiro*, 9th Dist. Medina No. 07CA0065-M, 2008-Ohio-4046, ¶ 7.

{¶12} In essence, Father is complaining about the trial court's exercise of its jurisdiction. However, "a judgment rendered based on the exercise of jurisdiction in excess of that permitted by law is voidable, not void." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 19. Father did not appeal the August 13, 2019 agreed judgment entry, therefore, issues that may render it voidable are not before us.

{¶13} Father has not demonstrated that the trial court's August 13, 2019 agreed judgment entry is void, and any other challenge to that entry is not properly before this Court. *See Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319. at ¶ 37 ("[A]n error in the exercise of the court's [] jurisdiction renders the error voidable, not void ab initio."). Moreover, to the extent that Father may be

asserting that entries that were not appealed and flow from the August 13, 2019 agreed judgment entry are void because they flow from a void entry, the argument is without merit given that the August 13, 2019 agreed judgment entry is not void.

{¶14} Father's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED PARENTING COORDINATOR FEES WITHOUT PERMITTING THE PARTIES TO HAVE A HEARING.

## ASSIGNMENT OF ERROR IV

THE JUDGMENT FOR PARENTING COORDINATOR FEES WAS INVALID WHERE THE TRIAL JUDGE AWARDED FEES WHICH WERE INHERENTLY CONTRADICTORY.

{¶15} Father argues in his second assignment of error that the trial court erred in failing to hold a hearing on Mr. Ready's December 10, 2019 motion for parenting coordinator fees. Father asserts in his fourth assignment of error that the trial court erred in awarding contradictory amounts of parenting coordinator fees.

{¶16} "Generally, we review [a] trial court's determinations in domestic relations cases for an abuse of discretion." *Falah v. Falah*, 9th Dist. Medina No. 15CA0039-M, 2017-Ohio-1087, ¶ 25, quoting *Manos v. Manos*, 9th Dist. Summit No. 27335, 2015-Ohio-2932, ¶ 26. An abuse of discretion implies that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} As noted above, Mr. Ready filed a motion for parenting coordinator fees on December 10, 2019, for the time period of May 19, 2021, to December 10, 2021 in the amount of $5,280.25. The filing included an affidavit and an itemized statement. While the filing listed a date for a hearing, the date listed had already passed. Father then filed a motion requesting a

hearing on the matter. The trial court scheduled one for January 24, 2022, but it does not appear a hearing was held on that date; instead, the record reflects that a settlement conference was held. Months later, the trial court issued a judgment entry finding that fees itemized by Mr. Ready were reasonable, necessary, and in compliance with the local rules. It found that Father owed $6,004.05 in unpaid parenting coordinator fees incurred from May 19, 2021, through January 21, 2022, and that interest was accruing on the fees as agreed. The trial court then awarded Mr. Ready "the amount of $2,653.10 or $6,645.21 including interest * * *."

{¶18} We can only conclude that the trial court abused its discretion in issuing the judgment entry it did. The judgment entry lists three different amounts that it is awarding Mr. Ready and there is no explanation for these internal inconsistencies.

{¶19} It does not appear from the record that a hearing was held on this matter. If it was not, we conclude that one should be held upon remand. We note that Father requested a hearing, and the trial court initially agreed to hold one. This would also be consistent with the court's local rules. *See* Loc.R. 12(A) of the Court of Common Pleas of Lorain County, Domestic Relations Division.

{¶20} Further, we note that the fee arrangement between Father, Mother, and Mr. Ready was not a simple equal division of the fees. Instead, the agreed judgment entry provided:

> Mother and Father agree to pay the Parenting Coordinator for all time and costs in working with Mother and Father, including time spent by the Parenting Coordinator reviewing documents and correspondence, meeting with the parents, phone conferences with us, counsel for either party, professionals and others, and deliberation and issuance of decisions, at the rate of $400 per hour. Mother and Father also agree to pay the costs incurred by the Parenting Coordinator including but not limited to, database research charges, long-distance telephone calls, copies, fax charges, etc.
>
> Mother and Father shall pay the Parenting Coordinator's fees and costs in the following manner: Father shall pay 50% and Mother shall pay 50% for all joint sessions or time spent working on an issue raised by one of the parties. Mother and

Father shall each pay for the individual time spent in person, on the phone, or in electronic communication with the Parenting Coordinator. The Parenting Coordinator shall bill each party separately for their individual time with the Parenting Coordinator, and bill each party one-half of the joint time spent on behalf of the family. Mother and Father shall sign the parenting coordinator engagement letter to initiate the services of the Parenting Coordinator. The retainer for the Parenting Coordinator shall be identified in the engagement letter.

Mother and Father agree that the Parenting Coordinator may resign for non-payment of fees as agreed. Mother and Father further acknowledge that the court has ordered that they retain and pay the Parenting Coordinator as agreed, and that the Parenting Coordinator may seek this Court's assistance in collecting fees, if necessary.

Mother and Father agree that Parenting Coordinator fees are in the nature of child support and, therefore, not dischargeable in any bankruptcy proceeding.

**{¶21}** From the record before this Court, it appears that Mr. Ready only submitted the invoices for his services that Father was required to pay. While this undoubtedly is logical as Mr. Ready is seeking payment from Father, it fails to provide the trial court or Father with details related to all of the billing for both parties. In other words, it is impossible to tell from the billing in the record whether Mr. Ready complied with the fee provision in the agreed judgment entry concerning the allocation of fees between Mother and Father.

**{¶22}** Accordingly, Father's second and fourth assignments of error are sustained.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING PARENTING COORDINATOR FEES THAT WERE INCONSISTENT WITH THE JUDGMENT ENTRY OF DIVORCE.

**{¶23}** Father asserts in his third assignment of error that the trial court erred in granting parenting coordinator fees that were inconsistent with the decree of divorce. Father's complaint is general in nature and essentially asserts that the fee arrangement and related provisions in the August 13, 2019 agreed judgment are inconsistent with the decree of divorce. However, we note that neither the divorce decree nor the subsequent August 13, 2019 agreed judgment entry has been

appealed. Given that lack of appeal, and the fact that August 13, 2019 agreed judgment entry is not void, Father has not explained why the more recent agreed judgment entry would not be controlling.

{¶24} Father's third assignment of error is overruled.

### ASSIGNMENT OF ERROR V

AN ATTORNEY WHO SERVES AS A POST-DECREE PARENTING COORDINATOR DOES NOT HAVE THE RIGHT TO FILE MOTIONS FOR PARENTING COORDINATOR FEES.

{¶25} Father argues in his fifth assignment of error that Mr. Ready did not have the right to file motions for parenting coordinator fees because he was not a party and there was no evidence that he was qualified as a guardian ad litem.

{¶26} This assignment of error relates to a provision of the August 13, 2019 agreed judgment entry. That provision provides that "[t]he Parenting Coordinator shall have the status of a Guardian Ad Litem with all rights and privileges attendant thereto including quasi-judicial authority and immunity provided to Guardians ad litem." (Emphasis omitted.) The agreed judgment entry also states that "the Parenting Coordinator may seek this Court's assistance in collecting fees, if necessary."

{¶27} Again, the August 13, 2019 agreed judgment entry is not properly before us in this appeal. We have already concluded that the entry is not void. Accordingly, challenges to the validity of the various provisions had to be brought via an appeal of that entry.

{¶28} Moreover, Mr. Ready's affidavit accompanying his December 10, 2019 motion for fees indicates that he is both an attorney and a guardian ad litem, even though he was not appointed as a guardian ad litem in this matter. Mr. Ready indicated in his motion that it was filed pursuant

to Sup.R. 8 and Loc.R. 32 of the Court of Common Pleas of Lorain County, Domestic Relations Division, the latter relates specifically to parenting coordinators. Sup.R. 8(E)(1) indicates that:

> Except as provided in division (E)(2) of this rule, if a party or other person is required to pay all or a portion of the fees payable to an appointee, the appointee promptly shall notify that party or person of the appointment and the applicable fee schedule. The court or division shall require the appointee to file with the court or division and serve upon any party or other person required to pay all or a portion of the fees itemized fee and expense statements on a regular basis as determined by the court or division. If the party or other person required to pay all or a portion of the fees claims that the fees are excessive or unreasonable, the burden of proving the reasonableness of the fees is on the appointee.

**{¶29}** Sup.R. 8(A)(1) states that:

"Appointment" means the selection by a court or judicial officer of any person or entity designated pursuant to constitutional or statutory authority, rule of court, or the inherent authority of the court to represent, act on behalf or in the interests of another, or perform any services in a court proceeding. The term "appointment" does not include the selection by a court or judicial officer of the following:

(a) An acting judge pursuant to R.C. 1901.121(A)(2)(a), (B)(1), or (C)(1) or R.C. 1907.141(A)(2)(a), (B)(1), or (C)(1);

(b) A receiver pursuant to R.C. 2735.01;

(c) An arbitrator, mediator, investigator, psychologist, interpreter, or other expert in a case following independent formal or informal recommendations to the court or judicial officer by litigants;

(d) Any individual who is appointed by any court pursuant to the Revised Code or the inherent authority of the court to serve in a non-judicial public office for a full or unexpired term or to perform any function of an elected or appointed public official for a specific matter as set forth in the entry of appointment;

(e) A guardian ad litem pursuant to Sup.R. 48;

(f) A guardian pursuant to Sup.R. 66.

**{¶30}** Father has offered no argument as to why Mr. Ready was not permitted to file motions for fees based upon Sup.R. 8 and Loc.R. 32 of the Court of Common Pleas of Lorain County, Domestic Relations Division. Thus, Father has not met his burden to demonstrate that the trial court erred in allowing Mr. Ready to file motions for fees.

**{¶31}** Father's fifth assignment of error is overruled.

III.

**{¶32}** Father's second and fourth assignments of error are sustained. Father's remaining assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is affirmed in part, reversed in part, and this matter is remanded for proceedings consistent with this decision.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BRENT L. ENGLISH, Attorney at Law, for Appellant.

PAMELA J. MACADAMS, Attorney at Law, for Appellee.

JOHN J. READY, SARAH E. ENGLISH, and JOHN J. READY, JR., Attorneys at Law, for Appellee.