[Cite as *State ex rel. Hero Homes JV2, L.L.C. v. Scott*, 2025-Ohio-3153.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. HERO HOMES JV2,
LLC, ET AL.,                                       :

      Relators,                                    :

                                          No. 114975

      v.                                           :

JUDGE W. MONA SCOTT,                               :

      Respondent.                                  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** September 3, 2025

---

Writs of Prohibition and Mandamus
Motion No. 584785
Order No. 586977

---

### *Appearances:*

Powers Friedman Linn PLL, Robert G. Friedman, and Thomas P. Owen, *for relators.*

Montgomery Jonson LLP, Kimberly Vanover Riley, Lisa M. Zaring, and Cooper D. Bowen, *for respondent.*

DEENA R. CALABRESE, J.:

{¶ 1} On April 1, 2025, the relators, Hero Homes JV2, LLC ("Hero Homes") and Hero Homes JV2 Encore Borrower, LLC ("Encore Borrower"), commenced this complaint for writs of prohibition and mandamus against the respondent, Judge W.

Mona Scott. They seek the following relief: (1) to prohibit the respondent judge from exercising personal jurisdiction over Encore Borrower because she added that entity as a party to the underlying case, *Cleveland v. Hero Homes JV2, LLC,* Cleveland M.C. No. 2024-CRB-001895, without notice, service, or a charge pending against it; (2) to prohibit the judge from further execution on the sentencing order in the underlying case because this court in the appeal of the case issued a stay of execution; and (3) to order the judge to take any necessary steps to assist the clerk of courts with the removal of a "no sale order" in the fiscal office. The complaint attached over 80 pages of exhibits. On May 6, 2025, the respondent judge filed a motion to dismiss along with four volumes of exhibits of court records, hearing transcripts, affidavits, and other official records totaling hundreds of pages. The relators filed a brief in opposition on June 5, 2025, and the judge filed a reply brief on June 12. The court has reviewed the filings and the relevant evidence and concludes that this matter is ripe for decision. For the following reasons, this court denies the complaint for writs of prohibition and mandamus.

**Factual and Procedural Background**

{¶ 2} On March 14, 2024, the City of Cleveland commenced the underlying case by charging Hero Homes with 25 counts of owning or transferring property without being registered with the Ohio Secretary of State in violation of Cleveland Cod.Ord. 367.131, a first-degree misdemeanor. On April 15, 2024, Hero Homes transferred 24 of the 25 properties to Encore Borrower for refinancing and repairs. On September 11, 2024, Hero Homes, through one of its principals, Sayam Ibrahim,

pled no contest to four counts of violating Cleveland Cod.Ord. 367.131, and the other counts were nolled.

{¶ 3} In the October 28, 2024 sentencing journal entry, the respondent judge imposed a $20,000 fine, stayed upon the successful completion of two years of community control. The judge added Encore Borrower as an "aka" to Hero Homes. She imposed an extensive set of community-control sanctions, including (1) not selling, gifting, or transferring its properties within the City of Cleveland without court approval, (2) obtaining rental registration, (3) complying with Cleveland's lead safe ordinance, (4) keeping all properties clean, (5) making specific corrections on four properties, (6) allowing exterior inspections on ten specified properties, (7) remedying seven violation notices, (8) attending Cleveland's landlord workshop, (9) submitting a Tier I maintenance and repair plan every 30 days, and (10) remaining in communication with the Housing Court Specialist. The failure to comply with the community-control order could result in more restrictive sanctions. She scheduled a community-control hearing for January 13, 2025.

{¶ 4} Hero Homes appealed this order on November 15, 2024, *Cleveland v. Hero Homes JV2, LLC,* 8th Dist. Cuyahoga No. 114561. After the respondent judge denied a stay, this court, on January 23, 2025, granted a stay of the criminal sentence pending appeal.

{¶ 5} On January 13, 2025, the respondent judge conducted a community-control-violation hearing. She ruled that Hero Homes, a.k.a. Encore Borrower, violated the community-control sanctions by selling seven properties without the

approval of the court, by not allowing inspections, by not submitting the Tier I maintenance and repair plan, by not keeping in communication with the Housing Court Specialist, and by obtaining five new violation notices. In journal entries dated January 16 and 17, 2025, she noted the findings of community-control violations, ordered payment of $5,000 of the $20,000 fine, kept all prior orders in full force and effect, and ordered that

> Defendant, *Defendant's officers, agents, employees, and attorneys, and all other persons acting in concert or participation with Defendant, who receive actual notice of this order* . . . **are hereby prohibited from advertising, marketing, promoting, offering for sell, selling, conveying, transferring, gifting or leasing all properties owned in the City of Cleveland until: Defendant remedies the above cited code violations; complies with the conditions of community control; satisfies the assessed fines and sanctions; and/or approved by the Court.**

(Emphasis in the original.) The judge then ordered that the order shall be filed with the Cuyahoga County Recorder's Office. This order, especially the filing with the fiscal officer, would apply to Encore Borrower. She then ordered the next community-control-violation-status hearing for March 31, 2025.

{¶ 6} Hero Homes appealed the January 17, 2025 order on February 4, 2025, *Cleveland v. Hero Homes JV2 LLC,* 8th Dist. Cuyahoga No. 114800; this court consolidated the appeals on February 6. Oral argument was scheduled for August 27, 2025.

{¶ 7} From February 23 to March 17, 2025, a cyberattack closed the municipal court, including the housing division.

{¶ 8} Hero Homes sought and obtained a stay of the January 17, 2025 order from this court on February 27. In mid-March, Hero Homes moved to show cause why the City of Cleveland should not be held in contempt for failing to comply with the stay orders, specifically that Cleveland did not obtain removal of the no-sale orders from the county recorder. On March 31, 2025, this court denied the motion to show cause, noting that the stay orders did not include an order to remove the journal entries filed with the Cuyahoga County Fiscal Office and did not serve the clerk's office with the orders. However, by separate journal entry of the same day, this court, in conjunction with the two stay orders, directed the Cleveland Municipal Court Clerk's Office to remove the prohibition orders against the sale, transfer, or gift of property that were filed with the fiscal officer. On April 7, 2025, the clerk of the Cleveland Municipal Court executed an affidavit of fact to render the no-sale orders ineffective. Acting on the advice of the Ohio Attorney General, who opined that an affidavit of fact under R.C. 5301.252 is the proper mechanism to rebut an erroneously recorded document, the clerk in the affidavit stated that the two no-sale orders "were filed in error and shall have no legal effect."

{¶ 9} On March 31, 2025, the respondent judge held the community-control-violation hearing. Most of the time spent was trying to discern the scope of this court's stay orders. Judge Scott adjourned the hearing to clarify this court's stay orders. Since March 31, 2025, the respondent judge has held no further hearings, and the docket of the underlying case shows no entries since early April.

{¶ 10} The relators commenced this mandamus and prohibition action on April 1, 2025.

**Legal Analysis**

{¶ 11} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160 (1989). Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68 (1981). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273 (1940). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387 (8th Dist. 1995). However, absent such a patent and

unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127 (1973).

{¶ 12} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55 (1973); *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Wilmore v. Hayes*, 2013-Ohio-4716, ¶ 6 (8th Dist.). Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45 (1997); *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33 (1990). Moreover, mandamus is an extraordinary

remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43 (8th Dist. 1993).

{¶ 13} Although mandamus should be used with caution, the court has discretion in issuing it. In *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141 (1967), paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider

> the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case . . . . Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

*Pressley* at 161-162. *State ex rel. Bennett v. Lime*, 55 Ohio St.2d 62 (1978); *State ex rel. Dollison v. Reddy*, 55 Ohio St.2d 59 (1978); and *State ex rel. Mettler v. Commrs. of Athens Cty.*, 139 Ohio St. 86 (1941).

{¶ 14} Relators' first argument is that prohibition should issue because the respondent judge lacks personal jurisdiction over Encore Borrower. They reason as

follows: In a municipal court, jurisdiction over a person must be invoked by the filing of a complaint. There was never a complaint filed against Encore Borrower; there was no formal notice and no process of service made upon it. Therefore, the respondent did not have personal jurisdiction. The judge's unilateral addition of Encore Borrower as an "aka" was a nullity.

{¶ 15} This court addressed this issue in *Garg v. Scott,* 2024-Ohio-1595 (8th Dist.). In that case, Anup Garg was the sole member of City Redevelopment LLC, which the City of Cleveland charged with failing to make repairs to a front porch and steps. During the litigation, Garg transferred the subject property to 1371 West Boulevard, which was also solely owned by Garg. City Redevelopment entered a plea to two first-degree misdemeanors of failure to comply. During the sentencing, the respondent judge learned that Garg owned between 100 to 150 pieces of property in the City of Cleveland through LLCs. She then expressed the intent to have Garg submit all the properties he owns in Cleveland to the court to make sure that the properties were in compliance. The judge reasoned that if she has jurisdiction over the company, she has jurisdiction over the owner of the company and through him all of his properties, including his LLCs that are in Cleveland. The company's attorney objected, arguing that housing court did not have the jurisdiction to add new entities into the case and make their actions as part of the defendant company's community control. Garg and his companies then commenced a mandamus and prohibition action against the judge, arguing that adding all of Garg's companies would ignore corporate formalities that limited liability companies are separate

entities and that she would exceed her jurisdiction to make such entities parties to the case.

{¶ 16} This court denied the writs because appeal was an adequate remedy at law and because prohibition for lack of personal jurisdiction is granted only for a complete failure to comply with the minimum-contacts requirement of constitutional due process. This court relied on *Cleveland v. 3006 Montclair Avenue, LLC*, 2024-Ohio-1274 (8th Dist.). In that case, after 3006 Montclair, LLC pled guilty to ten counts of failure to comply, the judge learned through presentencing investigation that the owner of 3006 Montclair also owned two other companies that owned property in Cleveland. The respondent judge in her sentence ordered that all three companies comply with the conditions of community control. 3006 Montclair Avenue, LLC appealed and argued that the respondent judge erred by imposing community-control sanctions on the two other companies without providing them with any notice or opportunity to be heard and because she lacked jurisdiction over them. This court ruled that an appealing party may complain of an error committed against another when the error is prejudicial to the rights of the appellant. This court then held: "The housing court erred in and abused its discretion to the extent that it imposed restrictions or requirements relating to properties owned by other entities as a term or condition of Montclair LLC's community control." *3006 Montclair Avenue* at ¶ 26.

{¶ 17} So too, in the present case, appeal is an adequate remedy through which Hero Homes may seek redress for including Encore Borrower in the

community-control sanctions. Indeed, Hero Homes is pursuing that remedy. Such a remedy precludes an extraordinary writ.

{¶ 18} Moreover, prohibition is not an appropriate remedy. There is no doubt that the respondent judge had subject-matter jurisdiction over housing offenses and to impose community-control sanctions. She also has territorial jurisdiction over any property in Cleveland. The issue of a writ of prohibition based on an alleged lack of personal jurisdiction is very rare. It should be premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process. *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347 (2006), and *State ex rel. Suburban Constr. Co. v. Skok*, 85 Ohio St.3d 645 (1999).

{¶ 19} The mandamus claim to compel the judge to take whatever steps are necessary or appropriate to "claw back" the no-sale order from the county fiscal office is moot, because of the affidavit of fact filed by the Cleveland Municipal Clerk of Court. The relators acknowledge this in their brief in opposition in the second to last paragraph: "the matter was resolved with a separate recorded document." Although that was not done until more than 60 days after the first stay order, the claim is moot.

{¶ 20} Finally, the relators seek either a writ of mandamus or prohibition ordering the respondent judge to stop all execution of the sentencing order, including a stop of all status hearings or community-control-violation hearings. The relators invoke the status hearing on March 31, 2025, as violative of this court's stay order. However, for the last four months the respondent judge has conducted no

actions on the underlying case, thus complying with the stay orders. This convinces this court that the respondent judge is and will comply with the stay order until the resolution of the appeal. Thus, in the exercise of its discretion, this court declines to issue an extraordinary writ to compel compliance with the stay order.

{¶ 21} Accordingly, this court denies the complaint for writs of prohibition and mandamus. Relators to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 22} Writs denied.


_____
DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR