[Cite as *State ex rel. Coastal Line Homes, L.L.C. v. Scott*, 2025-Ohio-5861.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. COASTAL LINE
HOMES, LLC

      Relator,

      v.

JUDGE W. MONA SCOTT, ET AL.,

      Respondents.

:
:
:
:
:
:

No. 115155

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** December 30, 2025

---

Writ of Prohibition
Order No. 590316
Motion No. 585404

---

*Appearances:*

Powers Friedman Linn PLL, Robert G. Friedman, Thomas P. Owen, and Rachel Cohen, *for relator*.

Montgomery Jonson LLP, Kimberly Vanover Riley, Lisa M. Zaring, and Cooper Bowen, *for respondents*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Coastal Line Homes, LLC ("Coastal"), the relator, has filed a complaint for a writ of prohibition against the respondents, Judge W. Moná Scott

("Judge Scott") and Earle B. Turner ("Turner"), the Cleveland Municipal Court Clerk of Courts. The complaint for prohibition is based upon the claim that Judge Scott and Turner have exercised unauthorized jurisdiction over an invalid and void judgment and judgment lien filed against Coastal. Judge Scott and Turner have filed a joint motion to dismiss that is granted for the following reasons.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} On November 16, 2022, the Cleveland Department of Building and Housing, Division of Code Enforcement ("City") notified Coastal that its property located at 9212 Madison Ave., Cleveland, Ohio, had 11 building code violations that were to be remedied by December 16, 2022. Notice of the various violations were provided to Coastal by numerous means and at five different locations.[1]

{¶ 3} On October 4, 2023, the City filed a complaint in the Cleveland Housing Court, *Cleveland v. Coastal Line Homes*, Cleveland M.C. No. 2023-CRB-8805, alleging that Coastal had failed to remedy any of the 11 cited defects in the home located at 9212 Madison Ave., Cleveland, Ohio, and contained 20 misdemeanor violations of C.C.O. 3103.25. The initial attempts of service of the complaint, by ordinary mail and certified mail upon Coastal, were unsuccessful and

---

[1] (1) Coastal's property located at 9212 Madison, Cleveland, OH 44102; (2) Coastal's address in Albany, New York; (3) the address Coastal had provided the City of Cleveland as its local address, 27970 Chagrin Blvd., Ste. 205, Beachwood/Woodmere, Ohio 44122; (4) Coastal's Property Manager responsible for the subject property, and at the local address it had identified for him, 27970 Chagrin Blvd., Woodmere, OH 44122; and (5) the Statutory Agent that Coastal had registered with the Ohio Secretary of State, as required by Cleveland Cod.Ord (C.C.O.) 367.131 and 3103.092: Incorp Services, Inc., 9435 Waterstone Blvd., Suite 140, Cincinnati, Ohio.

returned or unclaimed.[2]  Judge Scott held pretrial conferences on December 5, 2023, January 16, 2024, February 27, 2024, March 12, 2024, April 9, 2024, April 29, 2024, May 21, 2024, and May 29, 2024, without service being perfected upon Coastal.  On June 3, 2024, a representative for Coastal accepted service of the complaint, which was served by certified mail, nearly 18 months after Coastal's deadline to cure the cited violations had expired.

{¶ 4}  Following service of the complaint and summons, Judge Scott set a hearing for July 2, 2024.  However, Coastal failed to appear at the hearing that resulted in a trial date being set for September 9, 2024.  Coastal failed to appear for the September 9, 2024 trial date.  On September 20, 2024, Judge Scott issued an order that indicated Coastal failed to appear at the September 9, 2024 trial and that a virtual hearing was set for November 4, 2024, at which time Coastal was to show cause why contempt of court should not be imposed for failure to appear for trial.  Judge Scott also indicated in her September 20, 2024 order that the failure of Coastal to appear constituted civil contempt and that any per diem fines could generate a fine of $1,000 per day until Coastal made an appearance and entered a plea.

{¶ 5}  Coastal failed to appear at the November 4, 2025 virtual hearing.  On November 15, 2024, a civil contempt order was issued assessing $90,000 for failure

---

[2] Service of the complaint and summons upon Coastal was attempted through certified mail and regular mail on November 20, 2023, but the regular mail was returned to sender and the certified mail copies of the complaint and summons were unclaimed on January 9, 2024.

to appear at the November 4, 2024 virtual hearing. On January 3, 2025, Turner filed a "Certificate of Judgment For Transfer From the Criminal Division of the Cleveland Municipal Court for Collection," indicating that the judgment was being transferred from Cleveland M.C. No. 2023-CRB-008805 to Cleveland M.C. No. 2025-CVH-0000167 and then to the Cuyahoga County Court of Common Pleas for collection. *See Cleveland Mun. Court Criminal Div. v. Coastal Line Homes, LLC*, Cleveland M.C. No. 2025-CVH-0000167, and *Cleveland Mun. Court Criminal Div. v. Coastal Line Homes, LLC,* Cuyahoga C.P. No. JL-25-267125. On January 15, 2025, a lien on Coastal's real property was returned from Cuyahoga C.P. No. JL-25-267125.

{¶ 6} On February 4, 2025, Coastal filed a Civ.R. 60(B) motion to vacate the transfer judgment rendered in Cleveland M.C. No. 2025-CVH-0000167. On February 7, 2025, the Civ.R. 60(B) motion to vacate was denied and Judge Michelle D. Earley held that

> [o]n November 14, 2023, the Housing Division of the Cleveland Municipal Court filed a Criminal Penalty Judgment Transfer with the General Division of the Cleveland Municipal Court. Following, a Certificate of Judgment for Lien was filed and issued. On [February 4, 2025], the judgment debtor filed a Motion to Vacate. O.R.C. 2329.02 states that "any judgment issued in a court of record may be transferred to any other court of record. Any proceedings for collection may be had on such judgment the same as if it had been issued by the transferee court." Therefore, the General Division may conduct any collections proceedings, but may not conduct proceedings on anything challenging the underlying judgment. Pursuant to *Pedrix Machinery Sales, Inc. v. Papp* (1962), 116 Ohio App 291, the transferee court may only vacate the original judgment of the transferor court is void. *See also Monroe Distrib. v. Overly*, 4th Dist. Ross No. 1287, 1986 Ohio App. LEXIS 9935 (Dec. 30, 1986), *N. Trust Bank FSB v. Bolognue Holdings, Inc.*, 9th

Dist. Summit No. 26210, 2012-Ohio2610. The traditional Ohio rule is that a void judgment is one lacking subject matter or personal jurisdiction. *Lundeen v. Turner*, 167 Ohio St.3d 482, 2022-Ohio-1709, 194 N.E.3d 349.

The judgment debtor's arguments which are not concerned with subject matter or personal jurisdiction will therefore not be considered. As to subject matter jurisdiction, the judgment debtor states that the original judgment exceeds the municipal court's monetary jurisdiction of $15,000. This is true, however, pursuant to O.R.C. 1901.17, this limit does not apply to the housing division. Therefore, this argument fails.

As to personal jurisdiction, the judgment debtor makes no claims or arguments related to the service of the underlying judgment. The only argument appears to be related to the service of the certificate of judgment itself. Interestingly, the judgment debtor makes no reference to O.R.C. 2329.02, which controls transferred judgment for liens. O.R.C. 2329.02, which controls transferred judgment liens, has no requirements for service upon the judgment debtor.

. . .

Plaintiff's Motion to Vacate the Judgment is denied for lack of jurisdiction.

{¶ 7} No appeal was taken by Coastal with regard to the civil contempt order that was issued assessing $90,000 for failure to appear at the November 15, 2024 hearing, the denial of its Civ.R. 60(B) motion for relief from judgment, or from the transfer of the $90,000 judgment penalty for collection.

## II. LEGAL ANALYSIS

{¶ 8} The principles governing prohibition are well established. In order for this court to issue a writ of prohibition, the relator must establish that (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such judicial power is unauthorized by law, and (3) there exists is no

adequate remedy in the ordinary course of the law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 161 (1989). Furthermore, if a relator possesses or possessed an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *Lenard v. Russo*, 2012-Ohio-2397, ¶ 5 (8th Dist.).

{¶ 9} Prohibition will not lie unless it clearly appears that the trial court possesses no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 277 (1940). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 176 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 389 (8th Dist. 1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction and a party challenging the court's jurisdiction has an adequate remedy at law by way of appeal. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 491

(1997); *State ex rel. Invesco Mgmt. Co. L.L.C. v Geauga Cty. Court of Common Pleas*, 2012-Ohio-4651, ¶ 10 (11th Dist.); *State ex rel. Bandarapalli v. Gallagher*, 2010-Ohio-3886, ¶ 1 (8th Dist.). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 132 (1973); *State ex rel. Hero Homes JV2, L.L.C. v. Scott*, 2025-Ohio-3153, ¶ 11 (8th Dist.).

{¶ 10} Initially, we find that Turner, as the Cleveland Municipal Court Clerk of Courts, does not possess any judicial or quasi-judicial authority to hear and determine controversies. *State ex rel. Hensley v. Nowak*, 52 Ohio St.3d 98, 99 (1990); *State ex rel. Jackson v. Ambrose*, 2016-Ohio-5937 (8th Dist.). A clerk of courts simply carries out ministerial duties. *State ex rel. Andrew v. Lake Cty. Court of Common Pleas*, 2022-Ohio-4189, ¶ 25; *State ex rel. Glass v. Chapman*, 67 Ohio St. 1, 6 (1902).

{¶ 11} In addition, Judge Scott possesses authority to enforce Cleveland Building and Housing Codes. *See* R.C. 1901.181. Also, R.C. 1901.13 provides Judge Scott with the authority to punish any contempt of court that resulted from the failure to appear in court. *In re: Sherlock*, 37 Ohio App.3d 204, 205 (2d Dist. 1987). *See generally Cleveland v. Bank of N.Y. Mellon*, 2013-Ohio-3157, ¶ 5 (8th Dist.).

{¶ 12} However, Coastal possesses or possessed several adequate remedies in the ordinary course of the law that prevents this court from issuing a writ of prohibition regarding whether Judge Scott exceeded her general judicial authority via the attempted collection of the fines imposed for contempt in the amount of

$90,000. The finding of contempt, which resulted in the imposition of the $90,000 judgment for contempt, was immediately appealable. *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 2014-Ohio-4254, ¶ 2. The judgment, which denied Coastal's Civ.R. 60(B) motion to vacate the judgment of $90,000 for failure to appear at the November 15, 2024 hearing constituted a final appealable order subject to appeal. *Cherol v. Sieben Invest.*, 2006-Ohio-7048, ¶ 19 (7th Dist.). Coastal is entitled to an appeal after Judge Scott renders a final judgment that disposes of all claims and issues.[3] An appeal by Coastal constitutes an adequate remedy at law, even if it encompasses more delay and inconvenience. *State ex rel. Willis v. Sheboy*, 60 Ohio St.3d 167, 168 (1983); *State ex rel. Logue v. Fregiato*, 2002-Ohio-1028, ¶ 4 (7th Dist.).

{¶ 13} Accordingly, we grant the joint motion to dismiss. Costs to Coastal. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

---

[3] It must be noted that the issues raised by Coastal in support of its complaint for prohibition were previously raised on direct appeal in *Cleveland M.C. v. Edgewater Park Manor*, 2025-Ohio-5139 (8th Dist.), which demonstrates an adequate remedy in the ordinary course of the law is available to Coastal: (1) may a municipal court institute and maintain judgments in its own name; (2) may a municipal court institute and issue judgments in its favor against defendants without filing a complaint or serving defendants; (3) may a municipal court institute and maintain a judgment in excess of its $15,000 jurisdictional limit; (4) may a municipal court convert a contempt finding into a civil judgment when the law does not allow for such actions; ( 5) may a municipal court exceed its statutory power to punish for contempt; and (6) may a municipal court attempt to institute and enforce proceedings to collect money against a defendant when that duty is solely within the purview of the City of Cleveland Law Department.

**{¶ 14}** Complaint dismissed.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY